IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JESSE MOATS,

        Petitioner,

v.                                                 Civil Action No. 3:16cv150
                                                      (GROH)

MARVIN C. PLUMLEY,

        Respondent.

## REPORT AND RECOMMENDATION

This case was initiated on October 31, 2016, when the Petitioner filed a *pro se* Petition for Writ of Habeas Corpus. The Petitioner was granted leave to proceed *in forma pauperis* on November 28, 2016. Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P § 2.

### I.  Factual and Procedural Background

**A.  Petitioner's Conviction and Sentence**

The petitioner was convicted in the Circuit Court of Monongalia County, West Virginia in two separate cases. In Criminal Case Number 14-F-33, the Petitioner pleaded guilty to Possession with Intent to Deliver Marihuana, Fleeing with Reckless Indifference, and Driving under the Influence. In Criminal Case Number 15-F-201, the Petitioner pleaded no contest to conspiracy to Commit a Felony. On November 15, 2015, the Petitioner was sentenced to 1-5 years each for the possession and fleeing charges and six months for the DUI charge, each to run concurrently. On February 29, 2016, the Petitioner was sentenced to 1-5 years in the 2015 criminal case to run concurrently with the 2014 case. According to the Division of Corrections website, his first parole hearing is tentatively scheduled for

November 1, 2017.  However, his projected release date is July 25, 2017.

### B.  Petitioner's Direct Appeal

The Petitioner did not appeal his conviction.

### C.  Petitioner's State Habeas Petition

The Petitioner filed a habeas petition in the Circuit Court on August 2, 2016. The Petitioner alleged that the are two Jesse/Jessee Lee Moats in Morgantown, West Virginia. He further alleged the his name is Jessee Lee Moats, and therefore, he was illegally indicted, convicted and sentenced. The petition was denied on October 25, 2016.

### D.  Petitioner's Federal Habeas Petition

The Petitioner raises four ground for relief in his pending action. First, he alleges that the trial court lacked jurisdiction. Second, he alleges that the statute under which he was convicted is unconstitutional. Third, he alleges irregularities or errors at arraignment. Finally, he alleges defects in the indictment. However, all four grounds relate to his contention that his name is Jessee Lee Moats, and he is not the Jesse Lee Moats who was indicted and sentenced in the Circuit Court of Monongalia County, West Virginia. For relief, the Petitioner asks that a hearing be set, his conviction overturned and he be released from custody.

## II.  Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b).  Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490

U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[1] and "[a]n applicant shall not be

---

[1] Picard v. Connor, 404 U.S. 270 (1971).

deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.

Here, the Petitioner did not file a direct appeal of his state court conviction and sentence, nor did he file an appeal from the denial of his state habeas petition.[2] Therefore, the undersigned finds that the Petitioner's claims are not exhausted as he still has a remedy available in State court. Thus, it is inappropriate for this Court to entertain the Petitioner's federal habeas petition at this time, and the petition should be dismissed.

### III.   Recommendation

For the reasons set forth in this opinion, it is recommended that the Petitioner's § 2254 petition be **DISMISSED WITHOUT PREJUDICE** to the Petitioner's right to renew the same following the proper exhaustion of state remedies. It is further recommended that the Petitioner's Motion to Compel an Answer from the Respondent [ECF No. 12] be **DENIED as Moot**.

---

[2] The Petitioner indicates that he did not appeal the circuit court's denial of his habeas petition because he is being treated unfairly in state court. ECF No. 1 at 11.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Gina M Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 17, 2017.

/s Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE